## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DONNELL BATTIE | : | |
| Plaintiff, | : | **CIVIL ACTION — LAW** |
| | : | |
| vs. | : | **NO.:** |
| | : | |
| WAL-MART STORES, INC. (A DEL. | : | **JURY TRIAL DEMANDED** |
| CORP.), XYZ CORP(S) (1-10), and | : | |
| JOHN/JANE DOES (1-10), Individually, | : | |
| Jointly, Severally, and in the Alternative | : | |
| | : | |
| Defendants. | : | |

### DEFENDANT WAL-MART STORES, INC.'S NOTICE OF REMOVAL

Defendant Wal-Mart Stores, Inc. (hereinafter referred to as "Wal-Mart") is represented by the undersigned counsel in this matter and hereby files the instant Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) to remove this action from the Superior Court of New Jersey Law Division, Camden County, Number L-1286-12, where it is now pending, to the United States District Court for the District of New Jersey. In support of removal, Wal-Mart states as follows:

1.  Plaintiff initiated the instant Civil Action against Wal-Mart, XYZ Corporation(s) (1-10) and John/Jane Does (1-10), which action is pending in the Superior Court of New Jersey, Camden County at Number L-1286-12. A true and correct copy of Plaintiff's Complaint is attached hereto and marked as Exhibit "A."

2.  Wal-Mart obtained a copy of Plaintiff's Complaint on April 10, 2012, which is less than thirty (30) days from the date Wal-Mart filed its Notice of Removal.

3.  The State Court wherein this action was originally filed is located in Camden County, New Jersey, which is embraced within this jurisdictional district.

4.      Removal from the Superior Court of New Jersey is proper under 28 U.S.C. §1441(a) and (b) which authorizes the removal of any civil action of which the District Court of the United States has original jurisdiction and if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

5.      Removal from the Superior Court of Camden County is also proper under 28 U.S.C. § 1446(c)(2), which allows a defendant to assert an amount in controversy in its notice of removal if the initial pleading seeks a money judgment when the State practice either precludes a plaintiff from demanding a specific sum or permits a plaintiff to recover damages in excess of the amount demanded.

6.      This Court has original jurisdiction over the subject matter under 28 U.S.C. § 1332 as the parties are citizens of different states, and, as set forth herein, Plaintiff seeks damages in the amount of one million dollars ($1,000,000.00), which figure exceeds the amount in controversy requirement of $75,000.00.

7.      Plaintiff alleges that he is a citizen and resident of the State of New Jersey currently residing at 104 Sommerbrooke Court, Winslow Township, Camden County, New Jersey.  See Exhibit "A."

8.      Wal-Mart is a Delaware corporation with its principal place of business located in Bentonville, Arkansas.

9.      Plaintiff's Complaint appears to contain a tort-based claim(s) arising out of an incident involving a Wal-Mart customer who, without authority, accessed a public address system and announced a racially-charged statement in the Wal-Mart Store located at 3501 Black Horse Pike, Washington Township, Gloucester County, New Jersey.  See Exhibit "A."

10.     As a result of the alleged incident, Plaintiff allegedly sustained severe and disabling emotional and psychological harm, which allegedly caused depression, anxiety, anger, loss of sleep, loss of appetite, paranoia, anti-social tendencies, and loss of enjoyment in life activities.  See Exhibit "A" ¶¶ 10, 17, 23.

11.     Plaintiff alleges that the severe and disabling emotional and psychological harm has required medical care and expenses which will continue to accrue into the future.  See Exhibit "A" ¶¶ 11-12, 18-19, 24-25.

12.     On April 30, 2012, the undersigned served on Plaintiff's counsel a Request for Statement of Damages pursuant to New Jersey Rule of Civil Procedure 4:5-2.  A true and correct copy of the cover letter and Request for Statement of Damages is attached hereto and marked collectively as Exhibit "B."

13.     Because federal jurisprudence on the issue of removal permits a plaintiff to voluntarily limit his claim to avoid removal, the undersigned also contacted Plaintiff's counsel via letter dated May 1, 2012 to inform Plaintiff's counsel of Wal-Mart's intent to remove this matter to the United States District Court for the District of New Jersey if Plaintiff was unwilling to enter into a Stipulation to Limit Damages.  A true and correct copy of the May 1, 2012 letter and proposed Stipulation to Limit Damages is attached hereto and marked collectively as Exhibit "C."

14.     The undersigned asked Plaintiff's counsel to advise as to Plaintiff's position with respect to the Stipulation to Limit Damages on or before May 8, 2012.  See Exhibit "C."

15.     On May 9, 2012, the undersigned received an executed Statement of Damages wherein Plaintiff demanded damages in the amount of one million dollars ($1,000,000.00).  A

true and correct copy of the executed Request for Statement of Damages is attached hereto and marked as Exhibit "D".

16.     As of the date of this filing, the undersigned has yet to hear from Plaintiff's counsel with regard to the Stipulation to Limit Damages.  However, based on the recently-obtained demand for damages in the amount of one million dollars ($1,000,000.00), Wal-Mart has definitive support for its good faith belief that Plaintiff is seeking damages in excess of $75,000.00.

17.     Wal-Mart denies that Plaintiff's damages are worth in excess of $75,000.00, as there are many factors that would be considered in the ultimate value, including, but not limited to, whether liability against Wal-Mart can even be established, the proximate cause of any alleged damages or injuries, and Plaintiff's previous medical history and condition.

18.     Nevertheless, the requirements of 28 U.S.C. §1441(a) and (b) and §1332 have been satisfied and the within matter is properly removable.

**WHEREFORE**, Defendant Wal-Mart respectfully requests that the State Action be removed from the Superior Court of New Jersey Law Division, Camden County to the United States District Court for the District of New Jersey.

MCDONNELL & ASSOCIATES, PC

Dated: May 10, 2012                     /s/ Karen L. Green
                                        Patrick J. McDonnell, Esquire
                                        Karen L. Green, Esquire,
                                        Metropolitan Business Center
                                        860 First Avenue, Suite 5B
                                        King of Prussia, PA 19406
                                        (T) 610.337.2087 (F) 610.337.2575
                                        *Attorneys for Defendant,*
                                        *Wal-Mart Stores, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DONNELL BATTIE<br>　　　　Plaintiff, | : | **CIVIL ACTION — LAW** |
| | : | |
| vs. | : | **NO.:** |
| | : | |
| WAL-MART STORES, INC. (A DEL.<br>CORP.), XYZ CORP(S) (1-10), and<br>JOHN/JANE DOES (1-10), Individually,<br>Jointly, Severally, and in the Alternative | : | **JURY TRIAL DEMANDED** |
| | : | |
| 　　　　Defendants. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Karen L. Green, hereby certify that on May 10, 2012, the Notice of Removal on behalf

of Defendant Wal-Mart Stores, Inc. was filed electronically with the Court.  This document is

being sent via facsimile and regular mail and is available for viewing and downloading from the

ECF by counsel for Plaintiff and served via facsimile and regular mail:

JOHN A. KLAMO, ESQ., PC
811 Church Road, Suite 115
Cherry Hill, NJ 08002
Facsimile: 856-665-7200
(*Counsel for Plaintiff*)

I hereby certify that the above statements are true.  I am aware that if any of the above

statements by me are willfully false, I am subject to punishment.

**McDONNELL & ASSOCIATES, PC**

　　　　　　　　　　　　　　　　　/s/ Karen L. Green
　　　　　　　　　　　　　　Karen L. Green, Esquire
　　　　　　　　　　　　　　*Counsel for Defendant,*
　　　　　　　　　　　　　　*Wal-Mart Stores, Inc.*