# EXHIBIT A

JOHN A. KLAMO, ESQ., P.C.
811 Church Road, Suite 115
Cherry Hill, New Jersey 08002
(856) 665-7200
Attorney for Plaintiff, Donnell Battie

| | |
|---|---|
| DONNELL BATTIE<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC. (A DELAWARE CORPORATION), XYZ CORPORATION(S) (1-10), and JOHN/JANE DOES (1-10), Individually, Jointly, Severally, and in the Alternative<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO:<br><br>Civil Action<br><br>**SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135 and completed Case Information Statement) if you want the court to hear your defense. If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: April 5, 2012

/s/ Jennifer M. Perez
Jennifer M. Perez,
Acting Clerk of the Superior Court

DEFENDANTS TO BE SERVED:

    Walmart
    702 SW 8th Street
    Bentonville, Arkansas 72716-8611

Apr. 5. 2012  1:11PM                                                                No. 1283   P. 7

Appendix XII-B1

## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for Initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed

**FOR USE BY CLERK'S OFFICE ONLY**
PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHG/CK NO:
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| John A. Klamo, Esquire | (856) 665-7200 | Camden |

| FIRM NAME (If applicable) | DOCKET NUMBER (when available) |
|---|---|
| John A. Klamo, Esquire, P.C. | L-1286-12 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 811 Church Road, Suite 115<br>Cherry Hill, NJ 08002 | Complaint |

JURY DEMAND  ■ Yes  ☐ No

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Donnell Battle, Plaintiff | Donnell Battle v. Wal-Mart, Inc. (A Delaware Corporation), XYZ Corporation(s) (1-10), and Jane/John Doe(s) (1-10), i/j/s/a |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ■ NO |
|---|---|
| 605 | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?  ☐ Yes  ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ■ Yes  ☐ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)  ☐ NONE  ■ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ☐ Yes  ■ No | IF YES, IS THAT RELATIONSHIP:  ☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)  ☐ FAMILIAL  ☐ BUSINESS |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ Yes  ■ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

RECEIVED 2012 MAR 14 PM 3:15 SUPERIOR COURT/LAW DIV

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ Yes  ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?  ☐ Yes  ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: /s/

Effective 06/20/2011, CN 10517-English                                                                      page 1 of 2

JOHN A. KLAMO, ESQ., P.C.
811 Church Road, Suite 115
Cherry Hill, New Jersey 08002
(856) 665-7200
Attorney for Plaintiff, Donnell Battie

| | |
|---|---|
| DONNELL BATTIE<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC. (A DELAWARE CORPORATION), XYZ CORPORATION(S) (1-10), and JOHN/JANE DOES (1-10), Individually, Jointly, Severally, and in the Alternative<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO: L-1286-12<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff, Donnell Battie, residing at 104 Sommerbrooke Court, in the Township of Winslow, County of Camden, State of New Jersey, by way of Complaint against Wal-Mart Stores, Inc., XYZ Corporations (1-10), and John/Jane Does (1-10), hereby alleges:

1. On or about March 14, 2010, plaintiff, Donnell Battie, was a business invitee of defendant, Wal-Mart Stores, Inc., located at 3501 Black Horse Pike, Township of Washington, County of Gloucester, State of New Jersey.

2. At the aforementioned time, defendant, Wal-Mart Stores, Inc., had exclusive control and dominion over their retail store located at the aforementioned location.

3. At the time and place aforesaid, defendant, Jane/John Does (1-10), accessed the in-store public address system and announced, "Attention Wal-Mart customers, all black people must leave the store."

4. The communication was reasonably likely to harass or intimidate African-American shoppers based on their race, color, and/or creed.

5. At the time and place aforesaid, defendant, Wal-Mart Stores, Inc., had exclusive control and dominion over the in-store public address system.

## FIRST COUNT

6. Plaintiff, Donnell Battie, hereby incorporates paragraphs 1 through 5, inclusive, as if fully set forth hereunder.

7. Defendant, Wal-Mart Stores, Inc., was negligent, careless, reckless, and showed deliberate indifference in allowing an unsafe and hostile condition to exist by failing to take proper measures in controlling access to the in store public address system.

8. Defendant, Wal-Mart Stores, Inc., was negligent, careless, reckless, and showed deliberate indifference in allowing an individual to access the in store public address system to announce "Attention Wal-Mart customers, all black people must leave the store."

9. The communication was reasonably likely to harass or intimidate African-American shoppers based on their race, color, and/or creed.

10. As a direct and proximate result of defendant's negligent, carelessness, reckless, and/or intentional infliction of emotional damage, plaintiff, Donnell Battie, has suffered severe and disabling emotional and psychological harm, resulting in depression, anxiety, anger, loss of sleep, loss of appetite, paranoia, anti-social tendencies, and loss of enjoyment in life activities.

11. As a further direct and proximate result of defendant's negligence, carelessness, recklessness, and deliberate indifference, plaintiff, Donnell Battie, has required medical care and incurred medical expenses related to the treatment of his aforementioned conditions.

12. As a further direct and proximate result of defendant's negligence, carelessness, recklessness, and deliberate indifference, plaintiff, Donnell Battie, will be required to seek further medical care and incur future medical expenses related to the treatment of his aforementioned conditions.

WHEREFORE, plaintiff, Donnell Battie, demands judgment against defendant, Wal-Mart Stores, Inc., for damages together with attorney fees, costs of suit, and such other and further relief as the Court may deem equitable and just.

## SECOND COUNT

13. Plaintiff, Donnell Battie, hereby incorporates paragraphs 1 through 5, inclusive, as if fully set forth hereunder.

14. Defendant, XYZ Corporations (1-10), was negligent, careless, reckless, and showed deliberate indifference in allowing an unsafe and hostile condition to exist by failing to take proper measures in controlling access to the in store public address system.

15. Defendant, XYZ Corporations (1-10), was negligent, careless, reckless, and showed deliberate indifference in allowing an individual to access the in store public address system to announce "Attention Wal-Mart customers, all black people must leave the store."

16. The communication was reasonably likely to harass or intimidate African-American shoppers based on their race, color, and/or creed.

17. As a direct and proximate result of defendant's negligent, carelessness, reckless, and/or intentional infliction of emotional damage, plaintiff, Donnell Battie, has suffered severe and disabling emotional and psychological harm, resulting in depression, anxiety, anger, loss of sleep, loss of appetite, paranoia, anti-social tendencies, and loss of enjoyment in life activities.

18. As a further direct and proximate result of defendant's negligence, carelessness, recklessness, and deliberate indifference, plaintiff, Donnell Battie, has required medical care and incurred medical expenses related to the treatment of his aforementioned conditions.

19. As a further direct and proximate result of defendant's negligence, carelessness, recklessness, and deliberate indifference, plaintiff, Donnell Battie, will be required to seek further medical care and incur future medical expenses related to the treatment of his aforementioned conditions.

WHEREFORE, plaintiff, Donnell Battie, demands judgment against defendant, XYZ Corporations (1-10), for damages together with attorney fees, costs of suit, and such other and further relief as the Court may deem equitable and just.

### THIRD COUNT

20. Plaintiff, Donnell Battie, hereby incorporates paragraphs 1 through 5, inclusive, as if fully set forth hereunder.

21. Defendant, Jane/John Does (1-10), was negligent, careless, reckless, showed deliberate indifference, and inflicted intentional emotional distress by deliberately accessing the in store public address system to announce "Attention Wal-Mart customers, all black people must leave the store."

22. The communication was reasonably likely to harass or intimidate African-American shoppers based on their race, color, and/or creed.

23. As a direct and proximate result of defendant's negligent, carelessness, reckless, and/or intentional infliction of emotional damage, plaintiff, Donnell Battie, has suffered severe and disabling emotional and psychological harm, resulting in depression, anxiety, anger, loss of sleep, loss of appetite, paranoia, anti-social tendencies, and loss of enjoyment in life activities.

24. As a further direct and proximate result of defendant's negligence, carelessness, recklessness, and deliberate indifference, plaintiff, Donnell Battie, has required medical care and incurred medical expenses related to the treatment of his aforementioned conditions.

25. As a further direct and proximate result of defendant's negligence, carelessness, recklessness, and deliberate indifference, plaintiff, Donnell Battie, will be required to seek further medical care and incur future medical expenses related to the treatment of his aforementioned conditions.

WHEREFORE, plaintiff, Donnell Battie, demands judgment against defendant, Jane/John Does (1-10), for damages together with attorney fees, costs of suit, and such other and further relief as the Court may deem equitable and just.

DATED: March 14, 2012        BY: _____
                                JOHN A. KLAMO, ESQUIRE
                                Attorney for Plaintiff, Donnell Battie

### DEMAND FOR JURY TRIAL

The plaintiff, Donnell Battie, hereby demands a trial by jury as to all issues in the above matter.

### DEMAND FOR COMPLIANCE WITH
### N.J. COURT RULES 1:5-1(a) AND 4:17-4(c)

TAKE NOTICE that the undersigned attorney, counsel for the plaintiff, hereby demands, pursuant to the provisions of R.1:5-1(a) and 4:17-4(c) that each party serving pleadings or interrogatories and receiving responses thereto shall serve copies of all such pleadings, interrogatories, and responses thereto upon the undersigned, and further TAKE NOTICE that this is a continuing demand.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, JOHN A. KLAMO, ESQUIRE, is hereby designated as trial counsel on behalf of the plaintiff, Donnell Battie.

### DEMAND FOR UNIFORM INTERROGATORIES

Pursuant to R.4:17-1, demand is hereby made that the defendants provide answers to Uniform Interrogatory forms C and C(1) appearing in Appendix II of the N.J. Court Rules.

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to New Jersey Court Rule 4:10-2(b), demand is made that defendants disclose to plaintiffs' attorney wherein or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a

judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

### CERTIFICATION-NO OTHER ACTION TAKEN (R. 4:5-1)

I, JOHN A. KLAMO, of full age, hereby certifies as follows:

1. The matter in controversy is not the subject of any other action pending in any Court nor is it the subject of any pending Arbitration proceeding.

2. There are no other known parties who should be joined in the action at this time.

I certify that the foregoing statements made by me are true. I am aware that if any of the for-going statements made by me are willfully false, I am subject to punishment.

DATED: March 14, 2012        BY: _____
                                  JOHN A. KLAMO, ESQUIRE
                                  Attorney for Plaintiff, Donnell Battie