**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| DONNELL BATTIE<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>WAL-MART STORES, INC. (A DELAWARE CORPORATION), XYZ CORPORATION(S) (1-10), and JANE/JOHN DOES (1-10), jointly, individually, severally, and in the alternative,<br><br>　　　　Defendant(s). | Civil Case No.<br><br>1:12-cv-02807 (RBK/AMD)<br><br><br>**AMENDED COMPLAINT<br>AND JURY DEMAND**<br><br><br>**FILED ELECTRONICALLY** |

**JURISDICTION AND VENUE**

1. Defendant, Wal-Mart Stores, Inc., removed this matter to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1441 and 1446.

2. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1332.

3. Venue is proper because plaintiff is domiciled within the District, all of transactions and occurrences of the event took place within the District, and all of the witnesses and evidence may be found within District.

**PARTIES**

4. Plaintiff, Donnell Battie, (hereinafter "Plaintiff"), is an individual who resides at 104 Sommerbrooke Court, in the Township of Winslow, County of Camden, State of New Jersey.

5. Defendant, Wal-Mart Stores, Inc., (hereinafter "Wal-Mart", is a corporate entity organized under the laws of Delaware, with a principal place of business in Bentonville, Arkansas.

6. Jane/John Doe Individuals (1-10), are the persons responsible for making racially intimidating statements over the public address system of Wal-Mart Store #1742, located at 3501 Black Horse Pike, Township of Washington, County of Gloucester, State of New Jersey.

**FACTS**

7. The present matter arises from the severe psychological and emotional trauma sustained by plaintiff, Donnell Battie, while a business invitee at Wal-Mart #1742, (hereinafter "Turnersville Wal-Mart").

8. At the aforementioned time, defendant, Wal-Mart Stores, Inc., had exclusive control and dominion over the aforementioned property, including, but not limited to, the in-store public address system.

9. On or about March 14, 2010, plaintiff, Donnell Battie, was a business invitee of the Turnersville Wal-Mart, when an individual accessed the in-store public address system and announced, "Attention Wal-Mart customers, all black people must leave the store."

10. The communication was reasonably likely to harass or intimidate African-American shoppers based on their race, color, creed, and/or national origin.

11. At the time of the public broadcast, African-American's represented a vast minority of the customers shopping in the Turnersville Wal-Mart.

12. According to eye-witnesses at the Turnersville Wal-Mart, a "hush" fell over the store, and five to ten minutes elapsed before store management placed customers on notice that they should disregard the announcement.

13. As a result, plaintiff, Donnell Battie, became anxious and distressed, believing that store management was directing their racial animosity towards him personally.

14. At the time of the public broadcast, plaintiff was receiving psychological treatment for social phobias related to previous incidents of racially motivated discrimination.

15. Plaintiff immediately contacted the Washington Township Police Department to report the racial intimidation.

16. Approximately nine additional African-American customers shopping in the Turnersville Wal-Mart at the time of the broadcast, also reported the incident to the Washington Township authorities.

17. As reported by the Philadelphia Inquirer "some said the incident had triggered memories of segregation."

18. Upon investigation, police arrested a sixteen year old male who was subsequently charged with harassment and racial intimidation.

19. The aforementioned sixteen year old male was found to have made a similar racist comment over the store's public address system in December 2009.

20. Greg Rossiter, spokesman for defendant, Wal-Mart Stores, Inc., has publicly acknowledged that the comments were "appalling" and "mean spirited."

## FIRST COUNT

21. Plaintiff, Donnell Battie, hereby incorporates paragraphs 1 through 20, inclusive, as if fully set forth hereunder.

22. Defendant, Wal-Mart Stores, Inc., had a duty of reasonable care to provide its business invitees with a reasonably safe place to do business.

23. On or about March 14, 2010, Defendant, Wal-Mart Stores, Inc., was negligent, reckless and/or grossly negligent by allowing an individual to broadcast racially intimidating statements over its in-store public address system.

24. The same individual had made racially intimidating statements over defendant's public address system four (4) months earlier.

25. It was reasonably foreseeable that defendant's public address system could be used by non-employees to broadcast racially intimidating statements and that exposure to racially intimidating statements could cause severe emotional trauma.

26. As a direct and proximate result of defendant's negligent, grossly negligent, reckless, and/or intentional behavior, Plaintiff has suffered severe and disabling emotional and psychological harm, resulting in depression, anxiety, anger, loss of sleep, loss of appetite, paranoia, anti-social tendencies, and loss of enjoyment in life activities.

27.   As a further direct and proximate result of defendant's negligent, grossly negligent, reckless, and/or intentional behavior, Plaintiff has been required to seek medical treatment, and will be required to seek medical treatment in the future.

**WHEREFORE**, plaintiff, Donnell Battie, demands judgment against defendant, Wal-Mart Stores, Inc., for damages together with attorney fees, costs of suit, and such other and further relief as the Court may deem equitable and just.

### SECOND COUNT

28.   Plaintiff, Donnell Battie, hereby incorporates paragraphs 1 through 20, inclusive, as if fully set forth hereunder.

29.   Defendant, Wal-Mart Stores, Inc., had a duty of reasonable care to provide its business invitees with a reasonably safe place to do business.

30.   On or about March 14, 2010, Defendant, Wal-Mart Stores, Inc., was negligent and/or reckless in allowing an individual to broadcast racially intimidating statements over its in-store public address system.

31. The same individual had made racially intimidating statements over defendant's public address system four (4) months earlier.

32. It was reasonably foreseeable that defendant's public address system could be used by non-employees to broadcast racially intimidating statements and that exposure to racially intimidating statements could cause genuine and substantial emotional distress or mental harm to average persons.

33. Racial Intimidation is *per se* outrageous conduct in that it is prohibited by the New Jersey Criminal Code.

34. As a direct and proximate result of defendant's negligent and/or reckless behavior, Plaintiff has suffered severe and disabling emotional and psychological distress, resulting in depression, anxiety, anger, loss of sleep, loss of appetite, paranoia, anti-social tendencies, and loss of enjoyment in life activities.

35. As a further direct and proximate result of defendant's negligent, grossly negligent, reckless, and/or intentional behavior, Plaintiff has been required to seek medical treatment, and will be required to seek medical treatment in the future.

**WHEREFORE**, plaintiff, Donnell Battie, demands judgment against defendant, Wal-Mart Stores, Inc., for damages together with attorney fees, costs of suit, and such other and further relief as the Court may deem equitable and just.

### THIRD COUNT

36. Plaintiff, Donnell Battie, hereby incorporates paragraphs 1 through 20, inclusive, as if fully set forth hereunder.

37. Defendant, Wal-Mart Stores, Inc., was under a statutory duty imposed by 42 U.S.C. §2000(a) to provide its business invitees with the "full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of any place of public accommodation … without discrimination or segregation on the ground of race, color, religion or national origin."

38. 42 U.S.C. §2000a-2(b) further provides: "No person shall intimidate, threaten or coerce, or attempt to intimidate, threaten or coerce any person with the purpose of interfering with any right or privilege secured by §2000a or §2000a-1…"

39. On or about March 14, 2010, Defendant, Wal-Mart Stores, Inc., was negligent, grossly negligent and/or reckless in allowing an individual to access its in-store

public address system to broadcast "Attention Wal-Mart customers, all black people must leave the store."

40. The communication was intended to harass or intimidate African-American shoppers based on their race, color, and/or national origin in violation of 42 U.S.C. §2000a, et seq.

41. The same individual had made racially intimidating statements over defendant's public address system four months earlier.

42. It was reasonably foreseeable that defendant's public address system could be used by non-employees to broadcast racially intimidating statements and that exposure to racially intimidating statements could cause genuine and substantial emotional distress or mental harm to average persons.

43. As a direct and proximate result of defendant's negligent and/or reckless behavior, Plaintiff has suffered severe and disabling emotional and psychological distress, resulting in depression, anxiety, anger, loss of sleep, loss of appetite, paranoia, anti-social tendencies, and loss of enjoyment in life activities.

44. As a further direct and proximate result of defendant's negligent, grossly negligent, reckless, and/or intentional behavior, Plaintiff has been required to seek

medical treatment, and will be required to seek medical treatment in the future.

**WHEREFORE**, plaintiff, Donnell Battie, demands judgment against defendant, Wal-Mart Stores, Inc., for damages together with attorney fees, costs of suit, and such other and further relief as the Court may deem equitable and just.

### FOURTH COUNT

45. Plaintiff, Donnell Battie, hereby incorporates paragraphs 1 through 20, inclusive, as if fully set forth hereunder.

46. On or about March 14, 2010, a John/Jane Doe individual intentionally accessed the in-store public address system at the Turnersville Wal-Mart to broadcast "Attention Wal-Mart customers, all black people must leave the store."

47. The same John/Jane Doe individual had made racially intimidating statements over defendant's public address system four (4) months earlier.

48. John/Jane Doe individual knew, or should have known, that the broadcast would be seen as racial intimidation and that exposure to racial intimidation would cause severe emotional trauma.

49. As a direct and proximate result of John/Jane Doe individual's negligent, grossly negligent, reckless, and/or

intentional behavior, Plaintiff has suffered severe and disabling emotional and psychological harm, resulting in depression, anxiety, anger, loss of sleep, loss of appetite, paranoia, anti-social tendencies, and loss of enjoyment in life activities.

50. As a further direct and proximate result of defendant's negligent, grossly negligent, reckless, and/or intentional behavior, Plaintiff has been required to seek medical treatment, and will be required to seek medical treatment in the future.

**WHEREFORE**, plaintiff, Donnell Battie, demands judgment against defendant, John/Jane Does (1-10), for damages together with attorney fees, costs of suit, and such other and further relief as the Court may deem equitable and just.

### FIFTH COUNT

51. Plaintiff, Donnell Battie, hereby incorporates paragraphs 1 through 20, inclusive, as if fully set forth hereunder.

52. On or about March 14, 2010, a John/Jane Doe individual intentionally accessed the in-store public address system at the Turnersville Wal-Mart to broadcast "Attention Wal-Mart customers, all black people must leave the store."

53. The same John/Jane Doe individual had made racially intimidating statements over defendant's public address system four (4) months earlier.

54. John/Jane Doe individual knew, or should have known, that the broadcast would be seen as racial intimidation and that exposure to racial intimidation would cause severe emotional trauma.

55. Racial Intimidation is *per se* outrageous conduct in that it is prohibited by the New Jersey Criminal Code.

56. As a direct and proximate result of John/Jane Doe individual's negligent, reckless, and intentional behavior, Plaintiff has suffered severe and disabling emotional and psychological distress, resulting in depression, anxiety, anger, loss of sleep, loss of appetite, paranoia, anti-social tendencies, and loss of enjoyment in life activities.

57. As a further direct and proximate result of John/Jane Doe individual's negligent, reckless, and intentional behavior, Plaintiff has been required to seek medical treatment, and will be required to seek medical treatment in the future.

**WHEREFORE**, plaintiff, Donnell Battie, demands judgment against defendant, John/Jane Does (1-10), for damages together with

attorney fees, costs of suit, and such other and further relief as the Court may deem equitable and just.

## SIXTH COUNT

58. Plaintiff, Donnell Battie, hereby incorporates paragraphs 1 through 20, inclusive, as if fully set forth hereunder.

59. 42 U.S.C. §2000(a) provides "All persons shall be entitled to full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of any place of public accommodation … without discrimination or segregation on the ground of race, color, religion or national origin."

60. 42 U.S.C. §2000a-2(b) further provides: "No person shall intimidate, threaten or coerce, or attempt to intimidate, threaten or coerce any person with the purpose of interfering with any right or privilege secured by §2000a or §2000a-1…"

61. On or about March 14, 2010, a John/Jane Doe individual intentionally accessed the in-store public address system at the Turnersville Wal-Mart to broadcast "Attention Wal-Mart customers, all black people must leave the store."

62. The same individual had made racially intimidating statements over defendant's public address system four months earlier.

63. The communication was intended to harass or intimidate African-American shoppers based on their race, color, and/or national origin in violation of 42 U.S.C. §2000a, et seq.

64. John/Jane Doe individual knew, or should have known, that the broadcast would be seen as racial intimidation and that exposure to racial intimidation would cause severe emotional trauma.

65. As a direct and proximate result of John/Jane Doe individual's negligent, reckless, and intentional behavior, Plaintiff has suffered severe and disabling emotional and psychological distress, resulting in depression, anxiety, anger, loss of sleep, loss of appetite, paranoia, anti-social tendencies, and loss of enjoyment in life activities.

66. As a further direct and proximate result of John/Jane Doe individual's negligent, reckless, and intentional behavior, Plaintiff has been required to seek medical treatment, and will be required to seek medical treatment in the future.

**WHEREFORE**, plaintiff, Donnell Battie, demands judgment against defendant, Jane/John Does (1-10), for damages together with attorney fees, costs of suit, and such other and further relief as the Court may deem equitable and just.

DATED: June 08, 2012              BY: /s/ John A. Klamo, Esquire
                                  JOHN A. KLAMO, ESQUIRE
                                  811 Church Road, Suite 115
                                  Cherry Hill, NJ 08002
                                  (856) 665-7200
                                  Attorney for Plaintiff,
                                  Donnell Battie

**DEMAND FOR JURY TRIAL**

    Plaintiff, DONNELL BATTIE, hereby demands a trial by jury as to all issues in the above matter.

**DESIGNATION OF TRIAL COUNSEL**

    Pursuant to R.4:25-4, JOHN A. KLAMO, ESQUIRE, is hereby designated as trial counsel on behalf of the plaintiff, DONNELL BATTIE.

**CERTIFICATION-NO OTHER ACTION TAKEN (R. 4:5-1)**

I, JOHN A. KLAMO, ESQUIRE, hereby certify that the matter in controversy is not the subject of any other action pending in any Court nor is it the subject of any pending Arbitration proceeding and that there are no other known parties who should be joined in the action at this time.

**CERTIFICATION OF SERVICE**

I, JOHN A. KLAMO, ESQUIRE, hereby certify that that a true and correct copy of plaintiff's Amended Complaint were filed electronically with the Court and are available for viewing and download by opposing counsel from the ECF system.

```
DATED: June 08, 2012        BY: /s/ John A. Klamo, Esquire
                                JOHN A. KLAMO, ESQUIRE
                                811 Church Road, Suite 115
                                Cherry Hill, NJ 08002
                                (856) 665-7200
                                Attorney for Plaintiff,
                                Donnell Battie
```