**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| DONNELL BATTIE<br><br>        Plaintiff,<br><br>         v.<br><br>WAL-MART STORES, INC. (A DELAWARE CORPORATION), XYZ CORPORATION (1-10), and JANE/JOHN DOE (1-10), jointly, individually, severally, and in the alternative,<br><br>        Defendants. | Civil Case No.<br><br>1:12-cv-02807 (RBK/AMD)<br><br><br><br>**AMENDED COMPLAINT**<br>**AND JURY DEMAND**<br><br>**FILED ELECTRONICALLY** |

**JURISDICTION AND VENUE**

1. Defendant, Wal-Mart Stores, Inc., removed this matter to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1441 and 1446.

2. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1332.

3. Venue is proper because plaintiff is domiciled within the District, all of transactions and occurrences of the event took place within the District, and all of the witnesses and evidence may be found within District.

**PARTIES**

4. Plaintiff, Donnell Battie, (hereinafter "Plaintiff") is an individual who resides at 104 Sommerbrooke Court, in the Township of Winslow, County of Camden, State of New Jersey.

5. Defendant, Wal-Mart Stores, Inc., (hereinafter "Defendant Wal-Mart") is a corporate entity organized under the laws of Delaware, with a principal place of business in Bentonville, Arkansas.

6. Defendant Jane/John Doe (1-10) (hereinafter "Defendant Doe") and Defendant XYZ Corporation (hereinafter "Defendant XYZ") are fictitious names used to designate any person or business entity that are in any way responsible for the conduct described in this Amended Complaint.

**FACTS**

7. The present matter arises from an incident that occurred on March 14, 2010, while Plaintiff was a business invitee at Wal-Mart #1742, (hereinafter "Turnersville Wal-Mart") located at 3501 Black Horse Pike, Township of Washington, County of Gloucester, State of New Jersey.

8. At the aforementioned time and place, an individual accessed the in-store public address system and announced,

"Attention Wal-Mart customers, all black people must leave the store."

9. Plaintiff heard this announcement and became terrified in that he felt his safety and well being were in direct threat of danger. Plaintiff had a belief that this was an imminent terrorist threat against him personally.

10. According to eye-witnesses at the Turnersville Wal-Mart, a hush fell over the store and five to ten minutes elapsed before store management placed customers on notice that they should disregard the announcement.

11. Upon investigation, the Washington Township Police Department arrested a sixteen year old male who was subsequently charged with harassment and racial intimidation.

12. The aforementioned sixteen year old male was found to have made a similar racist comment over the store's public address system in December 2009.

## **FIRST COUNT**

13.   Plaintiff hereby incorporates paragraphs 1 through 12, inclusive, as if fully set forth hereunder.

14.   Defendant Wal-Mart, as a public accommodation, unlawfully permitted a person to harass and make derogatory comments about Plaintiff based on the Plaintiff's race and skin color, in violation of the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1 – 10:5-30 (hereinafter "LAD").

15.   Additionally, Defendant Wal-Mart, as a public accommodation, unlawfully permitted a person to interfere with Plaintiff's use of the Turnersville Wal-Mart premises and facilities based on the Plaintiff race and skin color, in violation of the LAD.

16.   As a direct and proximate result of Defendant Wal-Mart's conduct, Plaintiff has suffered the injuries included in the Second Count of this Complaint.

**WHEREFORE** Plaintiff, Donnell Battie, demands judgment against the Defendant, Wal-Mart Stores, Inc., for damages together with attorney fees, costs of suit, and such other relief as the Court may deem equitable and just.

## SECOND COUNT

17.     Plaintiff hereby incorporates paragraphs 1 through 16, inclusive, as if fully set forth hereunder.

18.     On or about March 14, 2010, Defendant Wal-Mart was negligent in allowing an individual to broadcast racially intimidating statements over its in-store public address system.

19.     Videos of non-employees accessing the in-store public address system of various Defendant Wal-Mart stores around the country have been uploaded onto YouTube.com, as early as 2007 and continuing up through March 14, 2010.

20.     Additionally, the same individual who made the statements at the Turnersville Wal-Mart on March 14, 2010 made racially intimidating statements over this same Wal-Mart's public address system approximately four (4) months earlier, around December of 2009.

21.     Furthermore, at the time of the incident, Defendant Wal-Mart had exclusive ownership, control and dominion over the in-store public address system.

22.     Based on the foregoing facts, Defendant Wal-Mart knew or should have known that non-employees generally could and would inappropriately access the in-store public address system.

23.     Additionally, Defendant Wal-Mart knew or should have known that the offending individual from this incident could and would access the in-store public address system to make racially inappropriate and intimidating comments.

24.     As such, Defendant Wal-Mart had a duty of reasonable care to take precautions to prevent non-employees from inappropriately using the in-store public address system.

25.     Defendant Wal-Mart breached this duty by failing to take such precautions including, but not limited to, prohibiting the offending individual of this incident from entering the Turnersville Wal-Mart following the December 2009 incident, and/or installing employee access codes for Wal-Mart phones placed around the store.

26.     As a direct and proximate cause of Defendant Wal-Mart's negligent conduct, Plaintiff was placed in reasonable fear of immediate personal injury, which gave rise to emotional distress that resulted in substantial sickness.

27.     Plaintiff's substantial sickness includes severe emotional and psychological harm, resulting in depression, anxiety, anger, loss of sleep, loss of appetite, paranoia, anti-social tendencies, and loss of enjoyment in life activities.

28.    As a further direct and proximate result of Defendant Wal-Mart's negligent conduct, Plaintiff has been required to seek medical treatment, and will be required to seek medical treatment in the future.

**WHEREFORE** Plaintiff, Donnell Battie, demands judgment against the Defendant, Wal-Mart Stores, Inc., for damages together with attorney fees, cost of suit, and such other relief as the Court may deem equitable and just.

## THIRD COUNT

29.    Plaintiff hereby incorporates paragraphs 1 through 26, inclusive, as if fully set forth hereunder.

30.    Defendant Doe and Defendant XYZ were responsible for the aforementioned intentional or negligent acts on or about March 14, 2010.

31.    As a direct and proximate result of Defendant Doe's conduct, Plaintiff has suffered the aforementioned injuries.

32.    In the event that Defendant XYZ was not responsible for the aforementioned acts, this Defendant is responsible for providing insurance coverage to any other Defendants in this case.

**WHEREFORE** Plaintiff, Donnell Battie, demands judgment against the Defendant, John/Jane Doe (1-10), and the Defendant XYZ Corporation (1-10) for damages together with attorney fees, costs of suit, and such other relief as the Court may deem equitable and just.

Dated: March 20, 2013          By: /s/ John A. Klamo, Esquire
                                    JOHN A. KLAMO, ESQUIRE
                                    811 Church Road, Suite 115
                                    Cherry Hill, NJ 08002
                                    (856) 665-7200
                                    Attorney for Plaintiff,
                                    Donnell Battie

## DEMAND FOR JURY TRIAL

Plaintiff, Donnell Battie, hereby demands a trial by jury as to all issues in the above matter.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, John A. Klamo, Esquire, is hereby designated as trial counsel on behalf of the plaintiff, Donnell Battie.

## CERTIFICATION-NO OTHER ACTION TAKEN (R. 4:5-1)

I, John A. Klamo, Esquire, hereby certify that the matter in controversy is not the subject of any other action pending in any Court nor is it the subject of any pending Arbitration proceeding and that there are no other known parties who should be joined in the action at this time.

## CERTIFICATION OF SERVICE

I, John A. Klamo, Esquire, hereby certify that that a true and correct copy of plaintiff's Amended Complaint was filed electronically with the Court and are available for viewing and download by opposing counsel from the ECF system.


Dated: March 20, 2013        By: /s/ John A. Klamo, Esquire
                                 JOHN A. KLAMO, ESQUIRE
                                 811 Church Road, Suite 115
                                 Cherry Hill, NJ 08002
                                 (856) 665-7200
                                 Attorney for Plaintiff,
                                 Donnell Battie